UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LISA NOBLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:19-CV-162-KAC-DCP |
| BROOKHAVEN RETREAT, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER DISMISSING ACTION

This case is before the Court because Plaintiff Lisa Nobles has failed to follow the Court's Orders and failed to prosecute her claims against Defendant Brookhaven Retreat, LLC. Plaintiff Nobles has not advanced her claims against Defendant in any substantive way since October 2020 [Doc. 35 at 5 ("Plaintiff Nobles expressed a desire, 'as of October 2020,' to proceed with the instant action with new counsel.") (quoting Doc. 33 at 2)]. Since August 2021, the Court has repeatedly warned Plaintiff Nobles of her duty to diligently prosecute her claims pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.13 and that failure to do so or failure to respond to a Court Order may result in dismissal of her claims [*See, e.g.,* Doc. 44 at 2 (ordering Plaintiff Nobles to show cause as to why her claims should not be dismissed for failure to prosecute and failure to follow a Court order and warning that failure to respond "will result in dismissal of her claims"); *see also* Docs. 35 & 46]. Plaintiff Nobles, however, has taken no affirmative actions to litigate this

case. For the reasons stated below, and pursuant to Federal Rule of Civil Procedure 41(b), the Court dismisses Plaintiff Nobles's claims with prejudice.

Plaintiff Nobles, along with twenty (20) other individuals filed this action against Defendant in 2019 [Doc. 1]. On February 21, 2021, certain Parties filed a "Joint Notice of Voluntary Dismissal Without Prejudice" between twelve (12) Plaintiffs and Defendant [Doc. 34] and a "Joint Motion to Approve Settlement Agreement" between eight (8) Plaintiffs and Defendant [Doc. 33]. The "Joint Motion to Approve Settlement Agreement" also identified that in October 2020, Plaintiff Nobles notified her counsel that she "intended to retain substitute legal counsel to represent her in this action" [*Id.* at 2]. The Court dropped the twelve (12) Plaintiffs identified in the "Joint Notice of Voluntary Dismissal" from the action and approved the settlement agreement of the eight (8) Plaintiffs identified in the "Joint Motion to Approve Settlement Agreement" on August 3, 2021 [Doc. 35].[1]

In that same Order, the Court directed Plaintiff Nobles to file "a notice (1) identifying new counsel or (2) indicating her intent to proceed pro se" and stated that she has an "obligation to diligently prosecute her claims" should she proceed without counsel [*Id.* at 5 (citing E.D. Tenn. L.R. 83.13)]. The Court also warned that "failure to comply" could be viewed "as a failure to prosecute the action" and may "result in involuntary dismissal" of Plaintiff Nobles's claims against Defendant [*Id.*]. Plaintiff Nobles did not make any filing.

---

[1] Judgments pursuant to the approved settlement agreement were entered by the Clerk on November 10, 2021 [*See* Docs. 36-43].

As such, on November 10, 2021, the Court issued an "Order to Show Cause" directing Plaintiff Nobles to file a brief stating "why her claims should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow a Court Order" [Doc. 44]. The Court also noted that Plaintiff Nobles was still technically represented by counsel because her counsel had not "filed a motion requesting permission to withdraw" pursuant to Local Rule 83.4. The Court then warned Plaintiff Nobles that it *would* dismiss her claims for any further failure to prosecute or failure to respond [*Id.* (citing *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001))].

On December 2, 2021, Plaintiff Nobles's counsel filed a "Motion to Withdraw as Counsel" [Doc. 45]. On December 8, 2021, the Court granted Plaintiff Nobles's Motion and "relieved [Plaintiff Nobles's attorney] of his duties as counsel" [Doc. 46]. In the same Order, the Court "admonished [Plaintiff Nobles] that she is deemed to be proceeding pro se . . . [and that] it is her obligation to stay up to date on the status of this case and comply with the deadlines set by the Court" [*Id.* at 2]. Because Plaintiff Nobles was previously represented by counsel when she failed to respond to the Court's prior orders [*see* Docs. 35 & 44], the Court gave her an additional fourteen (14) days to respond [Doc. 46] to the Court's "Order to Show Cause" [Doc. 44]. To date, Plaintiff Nobles, now proceeding pro se, has failed to file any response, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

Under Rule 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute [an action] or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also Steward*, 8 F. App'x at 296. Moreover, Local Rule 83.13 provides that a pro se party must

3

"monitor the progress of the case" and "prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. When contemplating dismissal under Rule 41(b),

> a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

Here, Plaintiff Nobles has not substantively advanced her case in over a year. Nearly four (4) months ago, the Court first directed Plaintiff Nobles, who was then represented by counsel, to make clear whether she intended to proceed in the action and warned Plaintiff Nobles that her claims may be dismissed should she fail to respond [Doc. 35]. Receiving no response, the Court issued a Show Cause Order expressly warning Plaintiff Nobles that failure to promptly respond "will result in dismissal of this action" [Doc. 44]. For the second time, Plaintiff Nobles did not respond. On December 8, 2021, Plaintiff Nobles, now proceeding pro se, was provided a third opportunity to "show cause . . . as to why her claims should not be dismissed" and again reminded of her obligation to comply "with all deadlines set by the Court" [Doc. 46 at 2-3 ("Plaintiff Nobles **SHALL** respond to the Court's Order to Show Cause [Doc. 44] within fourteen (14) days of the instant Order") (emphasis in original)]. For the third and final time, Plaintiff Nobles has not responded.

4

On this record, the Court is compelled to dismiss Plaintiff Nobles's claims with prejudice. Defendant has been subject to this multi-plaintiff lawsuit for more than two years, with no substantive movement as to Plaintiff Nobles's claims since October 2020 [Doc. 33 at 2]. The Court provided ample opportunity for Plaintiff Nobles to advance her case, either previously through counsel or more recently while proceeding pro se, and warned Plaintiff Nobles of the consequence should she fail to do so. Given Plaintiff Nobles's multiple and repeated failures, a less drastic sanction is not appropriate.

Accordingly, the Court **DISMISSES** Plaintiff Nobles's claims **with PREJUDICE** pursuant to Rule 41(b). An appropriate Judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge